UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER MARIA CALANDRA, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:17-CV-00383 |
| | § | |
| LAUREN OLENIUS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This matter is before the Court on the defendants', Lauren Olenius and Olenius Holdings, LLC (collectively, the "defendants"), motion to dismiss the plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 8). The plaintiff, Jennifer Maria Calandra (the "plaintiff"), proceeding *pro se*, has failed to file a response and the time for doing so has long elapsed. Thus, pursuant to this Court's local rules, the plaintiff's "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex L.R. 7.4. After having carefully considered the motion, the pleadings, and the applicable law, the Court determines that the defendants' motion to dismiss should be **GRANTED**.

The plaintiff commenced the instant action on January 31, 2017, alleging that the defendants terminated her employment because she is deaf in violation of Title VII. On February 18, 2016, the U.S. Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights Letter to the plaintiff informing her that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (Dkt. No. 1). It further advised the plaintiff of her right to file a lawsuit against the defendant within 90 days of her receipt of the notice. (*Id.*)

The defendants now move to dismiss the plaintiff's complaint, asserting that she has failed to: (1) plead facts evidencing a claim that is plausible on its face; (2) satisfy the statutory prerequisites of her Title VII claim because the defendants do not qualify as the plaintiff's former "employer" within the meaning of Title VII; and (3) file her lawsuit within the ninety-day limitation period required by Title VII. This Court agrees.

First, the plaintiff attempts to assert a claim under Title VII for discrimination on the basis of her disability—her profound hearing loss or deafness. Title VII makes it "an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). It does not, however, protect against discrimination on a basis of one's disability. *See Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing 42 U.S.C. § 2000e-2) (other citations and quotations omitted). Accordingly, the plaintiff has failed to state a claim under Title VII upon which relief can be granted and her complaint should be dismissed.

Second, even assuming the plaintiff has stated a viable claim under Title VII, she has, nonetheless, failed to satisfy the statutory prerequisites of her Title VII claim. In order to be held liable under Title VII, a defendant must fall within Title VII's definition of an "employer." *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). The term "employer" is defined within the meaning of Title VII to include "a person engaged in an industry affecting commerce who has *fifteen or more employees* for each working day in each *of twenty or more calendar weeks* in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b) (emphasis added). Here, the defendants maintain that they do not qualify as the plaintiff's

former "employer" within the meaning of Title VII because, during the 2015 calendar year, the number of employees who worked for them "hovered between 13 and 16 employees but never for a period of twenty or more calendar weeks." (Dkt. No. 8 at 4). They further contend that the plaintiff did not work for them for twenty or more calendar weeks because she was hired on October 7, 2015 and was terminated on February 2, 2016. The plaintiff, in contrast, does not dispute their contentions. It is well-settled that an employment discrimination claim against an employer that does not meet Title VII's definition of an "employer" fails to state a claim upon which relief can be granted. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006) (explaining that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief"); *see also Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) (reasoning that determining whether a defendant qualifies as an "employer" under Title VII involves a two-step process: first, a court must ascertain whether the defendant meets Title VII's statutory definition of an "employer" and second, a court must evaluate whether an employer-employee relationship exists between the parties) (internal citations omitted). Therefore, the plaintiff's Title VII claim also fails due to the plaintiff's inability to satisfy Title VII's statutory prerequisites.

Finally, the plaintiff has failed to file her lawsuit within the 90-day period required by Title VII. A civil action brought pursuant to Title VII must be commenced within ninety days after receipt of the right-to-sue letter issued by the EEOC. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citing 42 U.S.C. § 2000e-5(f); *Price v. Digital Equip Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988)). The Fifth Circuit has held that "the 90–day period of limitation established by 42 U.S.C. § 2000e–5(f)(1) begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant."

*Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986) (internal citations omitted). "The ninety-day filing requirement is a statutory precondition to maintaining a cause of action in federal court . . . and is treated as a statute of limitations for all purposes." *Mitchell v. Champs Sports*, 42 F. Supp.2d 642, 646 (E.D. Tex. 1998) (citing *Espinoza v. Missouri Pac. R.R.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985) (internal citations omitted)). As such, "[c]ourts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

In this case, the plaintiff did not file her lawsuit until January 31, 2017—almost a year after the EEOC issued its Dismissal and Notice of Rights Letter to her on February 18, 2016. Although the plaintiff maintains that she never received the EEOC's initial issuance of its Dismissal and Notice of Rights Letter on February 18, 2016 due to a typographical error in the zip code, she nevertheless, obtained notice of its findings so as to permit her to submit a request to the EEOC on November 9, 2016, asking it to reconsider its findings. (*See* Dkt. No. 1). It is also important to note that the EEOC's original letter to her was not returned as undeliverable. (*Id.*) In any event, even assuming the timeliness of her lawsuit, the plaintiff's Title VII claim still fails on the grounds set forth above and must be **DISMISSED**.

Notwithstanding the aforementioned, the plaintiff is hereby **GRANTED** 30 days from the date of this Order to file an amended pleading alleging a viable cause of action against the defendants. To the extent that the plaintiff intends to assert a cause of action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), she will still be required to establish that the defendants qualify as her "employer" within the meaning of the ADA—her

mere statement that she "counted " the number of employees will not suffice.  This extension is not an invitation to file a frivolous lawsuit.

It is so **ORDERED**.

SIGNED this 25th day of April, 2017.

_____
Kenneth M. Hoyt
United States District Judge