UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER MARIA CALANDRA, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:17-cv-00383 |
| | § | |
| LAUREN OLENIUS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER OF DISMISSAL**

On April 25, 2017, this Court entered an Order granting the defendants', Lauren Olenius and Olenius Holdings, LLC (collectively, the "defendants"), motion to dismiss the plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 14). The Court also, however, granted the *pro se* plaintiff, Jennifer Maria Calandra (the "plaintiff"), an opportunity to file an amended complaint within 30 days of the date of its Order, with the proviso that, since the plaintiff had failed to establish that the defendants qualified as her former "employer" within the meaning of Title VII by employing the requisite number of employees, "[t]o the extent that [she] intend[ed] to assert a cause of action [against the defendants] under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), she w[ould] still be required to establish that the defendants qualif[ied] as her "employer" within the meaning of the ADA [and] her mere statement that she "counted" the number of employees [would] not suffice." (*Id.* at 4 - 5).

On May 18, 2017, the plaintiff filed a document with this Court entitled, "L3 Designs Has More Than 20 Employees" and attached several numbered photographs as exhibits. Specifically, on the first page of her filing, underneath the heading mentioned above, she asserts the following:

> *See Attached pictures*.
>
> Ms. Lauren Olenius terminated me from her company as a Manager of Horticulture Maintenance Division, because she refused to write things down for me, look at me when talking so I could read her lips or speak directly into my hearing device. She and employees did not make sure I had their full attention when speaking to me.
>
> Many times, her Project Manager, Michael mumbled and put his hands over his mouth, so I couldn't read his lips. Michael was annoyed when I asked him to draw an electrical design rather than explaining it to me.
>
> The Office Manager, Peggy Torres thought it was funny that I would text her questions from company phone, rather than asking her directly when we were in the same office building.
>
> Furthermore, when I didn't understand something, Ms. Olenius would not explain further. If she replied to my email/text questions it would be with a question. I felt like my hearing loss was too cumbersome for their busy landscape business.

(Dkt. No. 22 at 1). On the second page of her filing, she includes a table of contents denoting photographs taken to purportedly track the defendants' employees and their vehicles during various dates throughout April and May of 2017. (*See* Dkt. No. 22).

Unfortunately, without more, the plaintiff's amended filing, as presently composed, suffers from numerous fatal flaws. The Court, for example, is unable to discern how it has jurisdiction over this matter, the nature of the citizenship of the principal parties to the instant lawsuit, how the plaintiff believes she was injured or legally wronged by the defendants, what legal relief the plaintiff seeks or what the plaintiff is asking this Court to do for her. In fact, when construing the plaintiff's latest filing in the liberal manner afforded to *pro se* complainants, this Court finds no basis to support its exercise of federal jurisdiction over the plaintiff's action. *See Brinkmann v. Johnston*, 793 F.2d 111, 112 (5th Cir. 1986) (reasoning that *pro se* complaints are to be liberally construed). First, the General Rules of Pleading, specifically Rule 8(a)(1) of the Federal Rules of Civil Procedure, requires that a pleading, such as a complaint, contain "a

short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). In this case, the plaintiff has failed to assert a basis for federal jurisdiction.

Second, even assuming the Court could presume a jurisdictional basis for the plaintiff's latest filing, her filing still runs afoul of the fundamental pleading requirements of Rule 8(a)(2), as it fails to assert "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a plaintiff is not required "to set out in detail the facts upon which [s]he bases h[er] claim," the Federal Rules do require "a short and plain statement of the claim" being asserted so as to give "the defendant fair notice of the plaintiff's claim and the grounds upon which it rests." *Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir. 1984); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007) ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). Indeed, "Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" *Twombly*, 550 U.S. at 555 n.3 (internal citation omitted). The plaintiff's latest filing, as written, is devoid of any factual statements denoting a claim for relief that is plausible on its face and lacks sufficient detail from which this Court might draw an inference as to the defendants' purported liability.

Third, assuming that the plaintiff, by way of her latest filing, intended to assert a claim pursuant to the ADA, she has failed to establish that either defendant meets the applicable

statutory definition of "employer" under the ADA. The term "employer" is defined within the meaning of the ADA to include "a person engaged in an industry affecting commerce who [**not only**] has *15 or more employees* for each working day [**but who also employs such employees**] *in each of 20 or more calendar weeks* in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 12111(5)(A) (emphasis added). Here, the defendants maintain that in their landscaping and maintenance company they do not qualify as the plaintiff's former "employer" within the meaning of ADA because, during the 2015 calendar year, the number of employees who worked for them "hovered between 13 and 16 employees but never for a period of twenty or more calendar weeks." (Dkt. No. 23 at 5). They further contend that the plaintiff did not work for them for twenty or more calendar weeks because she was hired on October 7, 2015 and was terminated on February 2, 2016.

The plaintiff, in her response in opposition to the defendants' motion to dismiss, tersely asserts, without more, that this "case should not be dismissed because Lauren Olenius, *Et Al.* has over 20 employees." (Dkt. No. 24). The mere fact that the plaintiff has submitted photographs of the defendants' purported employees performing gardening activities during various dates in April and May of 2017 is insufficient to establish that the defendants employed the requisite number of employees during the requisite number of calendar weeks at the time of the plaintiff's employment from October of 2015 to February of 2016. As such, the plaintiff has not asserted sufficient facts to plausibly allege that the defendants constituted her former "employer" within the meaning of the ADA at the time of the conduct alleged. Accordingly, the plaintiff has failed to state a claim upon which relief can be granted under the ADA and the defendants' second motion to dismiss should be **GRANTED**. *See Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 357 (5th Cir. 2006) (finding that the employee-numerosity requirement is an ingredient

or substantive element of a plaintiff's claim for relief under the FMLA and acknowledging that the same requirement applies under the ADA); *see also Coder v. Medicus Labs., LLC*, No. 4:14-CV-7, 2014 WL 2984052, at *2 (E.D. Tex. July 2, 2014) (quoting *French v. Ulayyet*, 2011 U.S. Dist. LEXIS 47345, at *3–4 (N.D. Tex. Apr. 14, 2011) (reasoning that the bright-line rule enunciated in *Arbaugh v. Y & H Corp. d/b/a The Moonlight Cafe*, 546 U.S. 500, 516 (2006), when applied to the ADA, mandates a finding that "th[e] numerosity requirement is an element of an ADA claim and, if it is not satisfied, a case is properly the subject of a Rule 12(b)(6) motion to dismiss.")).

Based on the foregoing analysis and discussion, the defendants' second motion to dismiss is **GRANTED** and the plaintiff's case is hereby **DISMISSED**.

It is so **ORDERED**.

SIGNED on this 29th day of June, 2017.

_____
Kenneth M. Hoyt
United States District Judge